# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| LUIS CARABALLO,<br><br>Petitioner,<br><br>v.<br><br>GURBIR S. GREWAL, et al.,<br><br>Respondent. | Civil Action No. 17-787 (SRC)<br><br><br>MEMORANDUM OPINION |

## I. INTRODUCTION

This matter has been opened to the Court by Petitioner's pro se filing of a Petition for writ of habeas corpus under 28 U.S.C. § 2241 and/or Petition for a writ of mandamus (ECF No. 1), and a pro bono counsel motion. (ECF No. 2.) For the reasons explained in this Memorandum Opinion, the Court will deny the habeas Petition without prejudice as unexhausted and deny Petitioner's request for mandamus relief. In light of the dismissal of the Petition, the Court will also deny Petitioner's motion for pro bono counsel.

## II. FACTUAL BACKGROUND

The allegations in the Petition can be summarized as follows.[1] Petitioner was tried in the Superior Court of New Jersey and was convicted of sexual assault but acquitted of aggravated

---

[1] Petitioner brings this Petition for a Writ of Habeas Corpus as a *pro se* litigant. A *pro se* pleading is held to less stringent standards than more formal pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A *pro se* habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998); *Lewis v. Attorney General*, 878 F.2d 714, 721–22 (3d Cir. 1989).

1

sexual assault. Prior to sentencing, Petitioner fled to the Dominican Republic and was subsequently extradited back to New Jersey to be sentenced. Petitioner alleges that the extradition agreement did not authorize him to be extradited for sexual assault; rather it only authorized his extradition for aggravated sexual assault, a crime for which he was acquitted. Petitioner filed a motion for acquittal in the Superior Court of New Jersey and argued, in relevant part, that his prosecution for sexual assault violated the extradition agreement, but the trial court denied his motion, finding it lacked subject matter jurisdiction over the extradition issue. Petitioner seeks pre-sentencing habeas relief to halt his prosecution/sentencing for sexual assault. Alternately, he seeks mandamus relief directing the Superior Court of New Jersey to halt his prosecution. (*See* ECF No. 1, Pet. at ¶¶ 1-13; ECF No. 3, Memorandum in Support of Pet. at 1-4.)

### III. ANALYSIS

#### a. Habeas Petition

At this time the Court will screen the Petition and dismiss it if it appears from the face of the petition that Petitioner is not entitled to relief. *See* 28 U.S.C. § 2254 Rule 4 (made applicable to § 2241 through Rule 1(b)); *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985), *cert. denied*, 490 U.S. 1025 (1989).

Federal courts have jurisdiction under 28 U.S.C. § 2241 to issue a writ of habeas corpus before a judgment is entered in a state criminal proceeding. *See Moore v. DeYoung*, 515 F.2d 437, 441–42 (3d Cir. 1975); *see also Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (per curiam) ("[S]ection 2241 authorizes a federal court to issue a writ of habeas corpus to any pretrial detainee who is in custody in violation of the Constitution or laws or treaties of the United States."); *Carstarphen v. Camden Cty. Corr. Facility Warden*, No. CIV. 14-4596, 2014

WL 4723150, at *2 (D.N.J. Sept. 19, 2014); *Avila v. New Jersey*, No. 07–3387, 2007 WL 2682937, at *4 n. 4 (D.N.J. Sept.6, 2007).

Although "district courts have jurisdiction under 28 U.S.C. § 2241 to issue a writ of habeas corpus before a criminal judgment is entered against an individual in state court," *see Moore*, 515 F.2d at 441–42, "that jurisdiction must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'" *Duran*, 393 F. App'x at 4 (quoting *Moore*, 515 F.3d at 445–46). Addressing whether a federal court should ever grant a pre-trial writ of habeas corpus to a state prisoner, the United States Court of Appeals for the Third Circuit has held:

> (1) federal courts have "pre-trial" habeas corpus jurisdiction;
>
> (2) that jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present;
>
> (3) where there are no extraordinary circumstances and where petitioner seeks to litigate the merits of a constitutional defense to a state criminal charge, the district court should exercise its "pre-trial" habeas jurisdiction only if petitioner makes a special showing of the need for such adjudication and has exhausted state remedies.

*Moore*, 515 F.2d at 443 (citations omitted).

With this framework in mind, this Court now looks to Petitioner's arguments to determine whether he has exhausted state court remedies or has demonstrated extraordinary circumstances, and finds that Petitioner has not made the required showing.

It appears from the Petition that Petitioner seeks to litigate the merits of an alleged constitutional defense to a state criminal charge, namely that he is being detained/prosecuted in violation of the extradition treaty signed by the President of the Dominican Republic.[2] As noted above, the trial court denied his motion for acquittal, in relevant part, finding that the trial court

---

[2] Because the Court will dismiss the petition on exhaustion grounds, it need not decide whether Petitioner's challenge to his extradition presents a constitutional defense to the criminal charge.

did not have subject matter jurisdiction to address the validity of the extradition agreement. (*See* ECF No. 1-1, Opinion denying Motion for Acquittal at 6.) However, it is plain that Petitioner has not exhausted his state remedies by appealing the denial of his motion for acquittal before bringing this matter here; nor does he allege any "extraordinary circumstances" justifying intervention by a federal court. Rather, Petitioner simply alleges, without support, that the New Jersey appellate court(s) would also reject his extradition argument for lack of subject matter jurisdiction. (ECF No. 1, Pet. at ¶ 7.) Petitioner does not allege that he actually appealed the trial court's decision or that the Appellate Division refused to hear his appeal. It appears, therefore, that Petitioner simply prefers to test the lawfulness of his detention in federal court. Petitioner allegations do not amount to "exceptional circumstances" that would justify federal intervention in Petitioner's pending state proceedings. Therefore, his petition must be dismissed at this time.[3] *See also Prall v. Assignment Judge*, No. CIV.A. 09-2608 (FLW), 2009 WL 2255294, at *4 (D.N.J. July 27, 2009) (dismissing pretrial § 2241 claim brought by state court prisoner based on violation of extradition treaty for failure to allege exhaustion and extraordinary circumstances). The dismissal of Petitioner's habeas petition is without prejudice; subject to the limitations of the Antiterrorism Effective Death Penalty Act of 1996 ("AEDPA"), Petitioner is free to file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 <u>in a new action</u> after he exhausts his state court remedies to every level of the state court.

---

[3] Although it appears from the New Jersey Inmate Locator that Petitioner has been sentenced on the relevant conviction, the Court will not dismiss the petition as moot, *see, e.g., Bridges v. Lawton*, 2014 WL 516460 (E.D. Pa. Feb. 7, 2014) (pretrial § 2241 habeas petition is moot after Petitioner is convicted and sentenced), because the Court does not have the relevant sentencing record. The Court also declines to re-construe Petitioner's Petition as a habeas petition pursuant to 28 U.S.C. § 2254, which is the vehicle for challenging a state-court judgment, because it is plain from the face of his Petition that the claims contained within are unexhausted.

4

The Court will also deny a certificate of appealability. The United States Supreme Court held in *Slack v. McDaniel* that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." 529 U.S. 473, 484 (2000). This Court denies a certificate of appealability because jurists of reason would not find it debatable that the Court was correct in its procedural ruling.

### b. Mandamus

The Court will also deny Petitioner's request for a writ of mandamus ordering the state court to halt his prosecution. Petitioner does not specify whether he seeks a writ of mandamus pursuant to the 28 U.S.C. §§ 1361 or 1651.2. The former authorizes district courts to issue such a writ "to compel an officer <u>or employee of the United States or any agency thereof to perform a duty owed to the plaintiff.</u>" 28 U.S.C. § 1361 (emphasis added). It does not, however, permit this Court to compel state officers and agencies to perform a duty allegedly owed to Plaintiff. *See Tate v. New Jersey*, No. CIVA 09-2697 KSH, 2009 WL 2185475, at *1–2 (D.N.J. July 17, 2009); *see also Richardson v. New Jersey*, No. 07–3482, 2007 U.S. Dist. LEXIS 58104, at *2, 2007 WL 2317090 (D.N.J. Aug. 9, 2007); *Jenkins v. Gregoria*, No. 06–5163, 2006 U.S. Dist. LEXIS 80143, at *5, 2006 WL 3194062 (D.N.J. Nov. 2, 2006); *Davis v. Lansing*, 851 F.2d 72, 74 (2nd Cir. 1988); *Haggard v. Tennessee*, 421 F.2d 1384, 1386 (6th Cir. 1970). The latter provision – known as the All Writs Act – permits a district court to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). As explained by the District Court in *Tate*, "Section 1651 permits

this Court to issue a writ of mandamus in aid of its own jurisdiction, but – like § 1361 – does not confer upon it the authority to compel state judicial officers to act in matters pending in those officers' courts." 2009 WL 2185475, at *2 (citing *In re Grand Jury Proceedings*, 654 F.2d 268, 278 (3d Cir.1981); *Miller v. New Jersey*, No. 07–460, 2008 U.S. Dist. LEXIS 50048, at *7–8 n. 1, 2008 WL 2622783 (D.N.J. Jul. 1, 2008); *Bronson v. Sup. Ct. of Pa.*, No. 89–5552, 1989 U.S. Dist. LEXIS 10083, at *1 (E.D. Pa. Aug. 28, 1989); *In re Campbell*, 264 F.3d 730, 731 (7th Cir. 2001). Nor may the Court issue the writ "against state officials for violations of their duties under state law." *Id.* (citing *Coniston Corp. v. Village of Hoffman Estates.*, 844 F.2d 461, 469 (7th Cir. 1988); *Miller*, 2008 U.S. Dist. LEXIS 50048, at *7–8 n. 1, 2008 WL 2622783; Jenkins, 2006 U.S. Dist. LEIS 80143, at *5). For these reasons, the Court does not have the authority under either statute to order the state court or other state officials to perform duties allegedly owed to Petitioner. As such, the Court will deny Petitioner's request for mandamus relief.

### c. Pro Bono Counsel Motion

Finally, in light of the dismissal of the Petition, Petitioner will also deny Petitioner's motion for pro bono counsel. (*See* ECF No. 2.)

## IV. <u>CONCLUSION</u>

For the reasons explained in this Memorandum Opinion, the Court denies the habeas Petition without prejudice as unexhausted and denies Petitioner's request for mandamus relief. In light of the dismissal of the Petition, the Court also denies Petitioner's motion for pro bono counsel. An appropriate Order follows.

6

STANLEY R. CHESLER,
Senior United States District Judge